IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ALLESTER STEVENS | § | |
| v. | § | CIVIL ACTION NO. 5:21cv112 |
| BOWIE COUNTY CORRECTIONAL CENTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Allester Stevens, a former inmate of the Bowie County Jail proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights.[1] The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. He names as defendants the Bowie County Correctional Center, the Bi-State Justice Building, Jail Administrators Page and Wilson, Captain Walker, Lt. Magee, and Lt. Bennett.

Plaintiff originally filed his lawsuit in the Tyler Division of the Eastern District of Texas, which transferred the case to the Texarkana Division. Plaintiff has not contacted the Court since filing the lawsuit in September of 2021. As such, he has failed to prosecute his case. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.; *Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25,

---

[1] The on-line records of Bowie County show Plaintiff was released from the Bowie County Jail on October 22, 2021, re-incarcerated on August 31, 2023, and released again on February 2,2024. *See* Bowie County Case Record, https://portaltxbowie.tylertech.cloud/PublicAccess/JailingSearch.aspx?ID=600, (follow "Jail Records" hyperlink; then search by booking number, input "J21-002626" into booking number field, and click search)

1

2012, some four months ago"). The lawsuit may be dismissed on this basis.

However, Plaintiff's case suffers from a more significant flaw. He complains that another inmate started a fire and officers came and handcuffed him, but did not immediately remove him from the cellblock. He also complains that he has been subjected to airborne contagions, identifying Covid-19, and grievances have been filed but nothing has been done. Other than listing the defendants by name, Plaintiff provides no facts showing how any of them were involved with his claims. Plaintiff also does not allege that he suffered any harm from the conditions forming the basis of the lawsuit.

A transitory exposure to smoke, absent any showing of harm, does not set out a constitutional claim. *Northup v. Bell*, civil action no. 6:11cv222, 2012 U.S. Dist. LEXIS 95060, 2012 WL 2814307 (E.D.Tex., June 12, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 95069, 2012 WL 2813793 (E.D.Tex., July 9, 2012). While Plaintiff complains of exposure to the Covid virus in the air, he does not allege that he contracted the illness or otherwise suffered harm from such exposure. The generalized fear of contracting Covid is not sufficient to state a claim for relief. *Hamby v. Warden, Estelle Unit*, civil action no. 4:20cv3428, 2020 U.S. Dist. LEXIS 226935, 2020 WL 7081606 (S.D.Tex., December 3, 2020), *citing United States v. Koons*, 455 F.Supp.3d 285, 292 (W.D.La. 2020).

The Fifth Circuit has long held that in order to successfully plead a cause of action in civil rights cases, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff does not provide any facts illustrating how any of the named Defendants are liable for the circumstances about which he complains. In addition, two of the named Defendants - the Bowie County Correctional Center and the Bi-State Justice Building - have no separate legal existence apart from Bowie County and thus cannot be sued in their own name. *Rowe v. Bowie County Correctional Center*, civil action no. 5:13cv78, 2013 U.S. Dist. LEXIS

151165 at *2 (E.D.Tex. 2013); *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff has failed to state a claim upon which relief may be granted against any of the named Defendants in his lawsuit.

<u>Conclusion</u>

28 U.S.C. § 1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

In this case, Plaintiff has failed to prosecute his case and has also failed to state a claim upon which relief may be granted against any of the named Defendants. His lawsuit should be dismissed without prejudice; in the interest of justice, however, the statute of limitations should be suspended for a reasonable period of time in order to allow him to refile, should he choose to do so. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992).

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to state a claim upon which relief may be granted and failure to prosecute. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error.  *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 9th day of April, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

4